UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE LANDINGS YACHT, GOLF
AND TENNIS CLUB, INC.,

    Plaintiff,

v.                                        Case No.: 2:22-cv-464-SPC-NPM

TRAVELERS CASUALTY &
SURETY COMPANY OF
AMERICA,

    Defendant.
                                       /

## **ORDER**[1]

Before the Court is Defendant Travelers Casualty & Surety Company of America's Motion to Dismiss (Doc. 10). Plaintiff the Landings Yacht, Golf and Tennis Club, Inc. opposes (Doc. 15). The Court grants the Motion in part.

This is a coverage dispute under an insurance policy ("Policy"). In two sets of transactions, third parties took money from Landings' bank account ("Account"). First, "unauthorized users purported to be" Landings and pilfered the Account ("First Withdraw"). (Doc. 5 at 2). As their name suggests, the Unauthorized Users lacked the authority do so. Second, a payroll company

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

("Payroll") requested and received money from the Account without authorization ("Second Withdraw"). In doing so, Payroll "purported to act on behalf of" Landings. (Doc. 5 at 3).

Eventually, Landings sought Policy coverage for the First and Second Withdraws. Travelers denied. So Landings sued for breach of contract. Based on the Policy's plain language, Travelers wants to dismiss.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). Sitting in diversity, the Court applies federal procedural and Florida substantive law. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017).

The inquiry proceeds in three parts.

First, the Court denies the Motion as it relates to Landings' failure to attach a Policy endorsement. Federal plaintiffs need not attach contracts to

2

support breach claims. *E.g.*, *Honick v. Ace Ins. Co. of the Midwest*, No. 2:21-cv-637-SPC-NPM, 2021 WL 4804446, at *2 (M.D. Fla. Oct. 14, 2021). Travelers recognizes as much and concedes the endorsement is not all that relevant here anyway. In other words, Landings' refusal to file a valid endorsement (even if true) is not a reason to dismiss.

Next, the Court takes the First and Second Withdrawal in turn. For that to make sense though, a brief detour is needed as understanding some Policy language is paramount. *See Garcia v. Fed. Ins.*, 969 So. 2d 288, 291 (Fla. 2007) (When "a policy provision is clear and unambiguous, it should be enforced according to its terms." (citation omitted)). Under the specific coverage provision, there must have been fraudulent instructions to transfer money from the Account. But here, coverage exists only if the "instruction purports to have been transmitted [or issued] by the **Insured**." (Doc. 5 at 21). Where relevant, the "Insured" is defined as Landings or a subsidiary. (Doc. 5 at 22).[2] With the Policy language in mind, the Court reroutes back to the analysis.

Second, the allegations about the First Withdrawal are sufficient. Again, Landings alleges the Unauthorized Users directed withdrawals from the Account and "purported to be" Landings in the process. (Doc. 5 at 2). In Policy lingo, such an "instruction purports to have been transmitted [or issued] by the

---

[2] There is no suggestion this case has anything to do with employee benefit plans.

**Insured**." (Doc. 5 at 21). This allegation is not alone. The Complaint says there were four Unauthorized Users during a specific period to steal an identified sum from the Account. At this stage, that is enough.

Contrary to Travelers' belief, the charge is not a bare legal conclusion; it is a factual allegation the Court must accept. True, the pleading is not too specific. But detailed pleadings are not required. *E.g.*, *Iqbal,* 556 U.S. at 678. Nor is there any argument Landings must state its claim with particularity. In short, the Court declines Travelers' offer to settle disputed facts on these pleadings and denies the Motion in this regard.

And third, although the First Withdrawal is enough, the allegations about the Second Withdrawal aren't. Travelers is right: the Complaint does not allege Payroll's fraudulent instruction "purports to have been transmitted [or issued] by the **Insured**." (Doc. 5 at 21). Unlike above, Landings alleges Payroll "purported to act on behalf of" Landings. (Doc. 5 at 3). But purporting to act on behalf of an entity is a far cry from purporting to be the entity itself. Under the Policy's plain language, that difference is significant. Again, the "Insured" is Landings or a subsidiary. (Doc. 5 at 22). Notably absent from that definition are separate entities—like Payroll—allegedly acting on behalf of Landings.

Because the Complaint does not allege Payroll's "instruction purports to have been transmitted [or issued] by the **Insured**," the Motion succeeds in

4

part.  (Doc. 5 at 21).  While not requested, the Court allows Landings another chance to plead it is entitled to coverage for the Second Withdrawal—provided it can do so in good faith.

One final note.  Landings must review the Local Rules on typography.  The Response does not comply with the District's clear typographical requirements.  M.D. Fla. R. 1.08.  Future filings must comply.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED and DENIED in part**.

2. Plaintiff's Complaint (Doc. 5) is **DISMISSED without prejudice**.

3. Plaintiff must **FILE** an amended complaint **on or before August 19, 2022**.  **Failure to file an amended complaint will lead the Court to dismiss and close the case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record